JS-6

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7072 | **DATE** | 11/8/2004 |
| **CASE TITLE** | More vs. Obama For Senate, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Robert J. More ("plaintiff") has presented for filing a Complaint along with an application under 28 U.S.C. § 1915(a)(1) for leave to proceed without prepayment of fees. His application for leave to proceed further, however, is denied. The complaint is dismissed. Leave to proceed on appeal *in forma pauperis* is denied. *See reverse.*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| ✓ | Docketing to mail notices. | | GMA | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

Invoking 42 U.S.C. § 1983 and its jurisdictional companion § 1343, plaintiff in 11 single-spaced typed pages attempts to allege deprivation of civil rights by the Obama For Senate Campaign, the Keyes 2004 Campaign and various individuals associated with the respective campaigns as well as several Chicago police officers. Plaintiff also alleges "Civil RICO" and common law assault and battery. Much of the complaint text is nonsensical, such as "For one thing if Dr. Keyes will promptly remove any and all references to himself as a 'Catholic' out of any fundraising campaigns conducted by mail or the internet unless and until he demonstrates himself to presumptively possess the supernatural virtue of faith, which would require him to publicly repend and abjure of any and all heresies . . . ." The complaint also contains veiled threats of violence, such as "What RJM understands he is obliged to obtain in exchange for the consideration he has provided in continuing to abstain from using force is . . . there is no such thing as a non... unilaterally relinquishing his moral prerorative (sic) to use force . . ." Certain allegations are understood as follows: Police officers and individual supporters of candidate Obama told plaintiff at about "19:00 pm" on October 26, 2004, that if he "set foot on the property of Northeastern IL University" that evening he would be arrested and they refused to tell him why. Officers refused to confirm acceptance of service of various documents and refused to make a police report concerning the October 26 incident. On October 22, plaintiff appeared at WLS Studios to deliver a copy of a DVD "911 in Plane Site" to candidate Keyes; he brought a megaphone to denounce candidate Obama; he demanded that the police "confiscate the batterer's megaphone or order him to turn it off"[1] but he was subjected to loud noise in excess of permitted noise levels. Plaintiff went to Cook County Hospital emergency room complaining of ringing in his ears; the physician was unable to treat him at the time and directed him to come back on November 15. Plaintiff continues to have ringing in his ears. Plaintiff attempted to explain his experiences to individuals associated with candidate Keyes's campaign, but they prevented him from entering the place where a Keyes event was being held and would not meet with him.

In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir. 1998) (internal quotation marks and citations omitted) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Ricketts* v. *Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citations omitted). The court must first "assess the substantiality of the constitutional or federal statutory allegations of the complaint to determine whether they are . . . 'wholly insubstantial and frivolous.'" *Id.* at 1181-82, quoting *Bell* v. *Hood*, 327 U.S. 678, 681-82 (1946). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Ricketts*, 874 F.2d at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id.* at 1182, quoting *Hagans* v. *Lavine*, 415 U.S 528, 536-39 (1974). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988).

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), but the court need not accept as true factual allegations which "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In this case, the court concludes that the plaintiff's allegations are "fantastic or delusional." *Denton*, 504 U.S. at 33; *see also Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd mem., 41 F.3d 1500 (2d Cir. 1994). The complaint is a confused diatribe. The court discerns no basis for suit under any Civil Rights Act or any other federal statute. Although actions of Chicago police officers would amount to state action for purpose of the Civil Rights Act, the allegations reveal that the actions of the officers were well within their permissible conduct as peace officers. Supporters of either senatorial campaign are not state actors. If plaintiff claims that a person injured his hearing, he may have a common law claim against that individual, but this court would have no jurisdiction over it. The court finds the case frivolous and will dismiss for lack of subject matter jurisdiction. The motion for leave to proceed *in forma pauperis* is denied. Should plaintiff appeal this decision, the court hereby determines that the appeal is frivolous and denies leave to appeal *in forma pauperis*. The case is terminated

---

[1] Although plaintiff alleges he brought a megaphone, the context suggests someone else had the megaphone. Possibly two people had competing megaphones.