United States District Court
Northern District of Illinois
Eastern Division

DOCKETED
NOV 2 9 2004

Robert J More
Estate of Robert J. More
Plaintiff

v.

RECEIVED ED-6
FOR DOCKETING

04 NOV 23 PM 5:34

Case No 04C 7072.
U.S. DISTRICT COURT
CLERK

FILED
NOV 2 3 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Obama For Senate Campaign ("OFSC") (Corporation), et al
Defendants

## PLAINTIFF'S PRELIMINARY COMPONENT OF BIFURCATED VERIFIED MOTION TO RECONSIDER ORDER ENTERED ON 11/8/04 DISMISSING CASE

Now comes the Plaintiff, Robert J. More ("RJM") to move this Court: 1. to confirm that it has been apprised of the positions of RJM regarding the Court's issuance of an order on 10/8/04 ("Order") dismissing Case No. 04C 7072 ("this case") to the extent that he has been capable of providing such appraisals within the 10 day time window established for motions to reconsider in the Federal Court System, 2. to reverse the decision entered in the order issued on 11/8/04 in this case ("Order"), dismissing this case and to then reinstate such case without RJM's having to complete what would constitute the final component of the bifurcated motion to reconsider ("MTR") (which will be produced and filed by RJM in the event that either the Court does not summarily grant the relief sought in this component of the MTR and reinstate this case, or that RJM would not succeed in finding a means by which to retain his claim to use whatever non-excessive and not-otherwise-unjustified force ("NOOUF") would ever have to be employed to rectify injustices that still might remain un-rectified after RJM would have exhausted all non-force including alternatives as means by which to rectify such injustices without the filing of such type document, within 35 days of the filing of this document) or else to permit RJM to pose a series of interrogatories to the Court, in open court, at some juncture within the next month, and then use the answers to such conjectural interrogatories as the basis for what would, in the scenario herein postulated, constitute the balance of RJM's MTR, 3. to confirm that the Court has been apprised of the auxiliary documents that RJM had intended to serve upon this Court before the case was so unjustifiably dismissed (which service the Order confirms is so indispensably necessary to a just resolution of the matters this case concerns), and that RJM intends to serve such documents upon the Court in the near future, 4. to appoint pro bono counsel in this case, with the issue of fees entered and continued until the resolution of the case against the respective Defendants, 5. to either strike from the Order, the erroneous claim that the "complaint contains "veiled threats of violence" or else to identify any conveyance which could possibly be construed to constitute such a threat, according to a non-counterfeit assessment standard n regard thereto, 6. to strike from that order all other erroneous claims contained therein which are enumerated infra in the body of this document, such as that various claims contained in the complaint filed in this case on 11/2/04, are nonsensical or else to diagram, both in a sentence diagram and in a venn diagram form, each and every example of what the Court would claim constituted a nonsensical conveyance contained therein, 7. to sign and return to RJM copies of various documents which are being served upon the Court along with this motion, or which the Court would receive in the next few days, 8. to confirm that the Court has been informed that it is the position of RJM, that the decision issued in the Order, was entered in such gross contravention of various provisions of the Constitution of the United States of America, such as the *Due Process* and *Right to Petition* Clauses of the Fifth and First Amendments to that Constitution respectively, that the entire order is void ab initio and is of no legal force and effect, 9. to confirm that it has been apprised of the issues that RJM is raising in this document for purposes of ensuring that no argument could ever be made that any claim that would have required the raising of a given issue in order to preserve such conjectural claim for future resolution, would have been relinquished due to its not having been so raised, 10. to confirm that it has been apprised that RJM also intends to raise other issues, that are not raised in this document, in the future, in this case, as the demands of a given development at any juncture encountered, would indicate it would be necessary for RJM to raise such

6

Dockets.Justia.com

issues, respectively, in order to protect any and all interests in regard to which RJM would understand that he would be obliged to eventually provide an accounting, respectively, indefinitely into the future, 11. to confirm that it has been notified that it is RJM's position ("TCTNRP") that there are only four legitimate alternative methods according to which this Court or for that matter, any Court can respond to a petition for relief submitted by a citizen to it, without incurring both tort and felony liability in the Court's issuing a response to a petition for relief submitted to it, 12. TCTNRP that it is RJM's position that the Court incurred both tort and felony liability in the issuance of the Order, 13. TCTNRP that notwithstanding the requirements according to which members of the DNRCPN are generally required to conduct their activity, respectively, when encountering the type of conduct demonstrated in the issuance of that order, that RJM has committed himself to continuing to refrain from filing any type of complaint against the Judge who issued that order for at least 30 days from today's date, just in case the offenses committed in that issuance are not as egregious as they appear to be and 14. to grant whatever other forms of relief, it would be considered ought or must be granted at this juncture in the proceedings to ensure that no legitimate interest remain unprotected in the matters this case concerns, and in support and explanation whereof, RJM avers and explains as follows:

1. RJM was disappointed, appalled and scandalized at the contents of the Order and in this first component of the MTR, will simply proceed sentence by sentence through that document, for as much time as RJM was confident he could justify committing to such endeavor, refuting the erroneous claims contained therein and assessing those claims from what is hopefully a meritoriously indifferent perspective until he either runs out of time or space or both.

2. This seems to be the only justifiable course, as it would seem entirely unjustified to RJM for RJM to have to consume any more un-regainable time than the least amount he would have to use to get the complaint reinstated, which is the position that birthed the bi-furcated approach to the problem – which approach alone seems to enable RJM to cover both the scenario in which the Court's conduct in dismissing the complaint was not as egregious as it seems to be and that scenario in which such conduct was as egregious as it seems to be.

3. Since there is no explicit prohibition to the employment of such approach in the filing of a MTR, which RJM has found anywhere; RJM will proceed in this matter on the "non-prohibere, et permittere" approach (which approach no credible moralist would ever condemn as it is the only feasible approach by which humans can deal with the often "not un-mistakeably clear" situations in which providence and their own choices place them), invoking the application of the principle of epikeia against any attempt that RJM might encounter to accomplish the dismissal of his case on some type of allegation of a procedural non-accomplishment of compliance, which is a strategy pro ses encounter with a disturbing frequency in the Courthouse in which this case has been filed.

4. The principle of epikeia as defined by St. Thomas Acquinas, borrowing from the work of Aristotle (Nichomadean Ethics) states: "Epikeia" or Equity – (Summa Theologica 2,2,120,1) -- "it was not possible to lay down rules that would apply in every single case. ... if the law be applied to certain cases it will frustrate the equality of justice and be injurious to the common good, which the law has in view." *"Without doubt he transgresses the law who by adhering to the letter of the law strives to defeat the intention of the lawgiver."*

5. It is RJM's position that it cannot possibly be that the legislators who enacted the Federal Rules of Civil Procedure ("FRCP"), both intended that those rules be manipulated to prevent persons such as RJM, who voluntarily temporarily abstain from using the means with which they have been equipped by God to fulfill their duty(ies) to contribute to the protection of life, liberty, property, safety, health and morals, from getting disputes in which they are involved resolved upon the merits of those disputes; and that such an intention, if it were to be demonstrated that such an intention was in fact the intention of such legislators in enacting the FRCP, could have been a justified intention.

6. RJM further posits that if the practice of the manipulation of the FRCP to prevent the resolution of claims upon their respective merits were not both the actual intention and a

2

justified intention of the authors of those rules , that the use of the FRCP for such purposes cannot be justified.

7. So it is RJM's position that the form that this MTR takes is most definitely not non-negotiable.

8. In fact at this juncture, the Court ought just reverse the decision contained in the Order and reinstate the case without RJM's having to expend anymore expense in defeating that decision.

9. Anyway, RJM will proceed through the sentences of that Order until he runs out of time and herein informs the Court that unless the Court reverses its decision of 11/8/04 and now reinstates the case, or unless RJM is affirmatively prevented from doing so in a manner that RJM would claim would constitute a violation of 18 U.S.C. 1503, that RJM will supplement this document in the manner to which reference is included supra.

10. For the dismissal of the complaint filed in this case ("this case") to have been justified, the Court would have had to have had succeeded in demonstrating according to a rationally grounded, logically tenable standard that there is no set of facts presented in the complaint filed with the Court in this case, which could possibly constitute a cause of action cognizable under any statute over which this Court possesses jurisdiction; and that even under the liberal notice pleading requirements of the federal courts and after discovery techniques would have been utilized to enable the pleader to enhance and augment the contents of his complaint, and that after ample opportunity would have been provided for the amendment of the complaint originally filed, that no relief could have been granted the Plaintiff from the claims contained in the complaint originally filed or from amendments which would be filed which it could be demonstrated related back to the events to some extent chronicled in the complaint originally filed.

11. The Court did not succeed in coming anywhere near discharging this burden.

12. First of all, RJM informed the Court in the title to the complaint and in the first paragraph that the complaint was being composed with RJM in a full-length arm cast.

13. RJM questions how the Court could disregard the words in the title of the complaint "FILED UNDER DURESS AND HARDSHIP...."

14. It is RJM's position that the Court did not possess the authority to neglect to consider the hardship in which the complaint had originally been composed.

15. Second, RJM stated in the first sentence that the claims pled in the complaint were only being pled at the "barest minimum level to satisfy the notice pleading requirements of the federal courts, with its liberal provision for amendment thereof,..."

16. The Court complains in its Order that "Much of the complaint is nonsensical, but did not cite a single sentence nor even one clause which is not susceptible to being diagrammed in a sentence diagram and/or in a venn diagram.

17. The sentence, "For one thing if Dr. Keyes would..." is entirely intelligible and was justifiably included in the complaint, since public policy favors the extra-judicial resolution of disputes.

18. RJM moves the Court to identify the source from which it derives its definition of "nonsensical" and to demonstrate a single clause in the document that is in fact nonsensical according to an acceptable, objective definition of such term, or else to strike the sentence from the order.

19. RJM moves the Court to do likewise for the purported "veiled threats of violence". RJM will opine on the fraudulence of the claims of such "threats" at a future juncture as it would be necessary and/or appropriate to do so.

20. The clause to which the Court makes reference in the Order was a clause that inadvertently got pasted where it got pasted. Later in the complaint, the whole paragraph from which it was extracted is included and it makes no sense for the Court to have made reference to the

anomalous presence of such clause, unless the rest of the complaint was never actually read, which was likely the case in regard to this complaint.

21. If the Court had read the complaint at even a minimal level of competency, it would have found that RJM never claimed in such complaint that RJM possessed any information that any supporter of Obama had conspired with police to keep RJM off the property of Northeastern IL. University on 10/26/04. It was a representative of the Keyes Campaign, whom RJM alleged therein had participated in such activity which, activity besides constituting a violation of 42 USC 1983, in that it deprived RJM of a constitutionally protected right – in this case, that of going onto the property of a public institution and that a government actor was involved who was therein acting under the color of law, also states a cause of action under the theory of private actor-public actor conspiracy under 42 USC 1983 to deprive a citizen of constitutionally protected rights and liberties.

22. In the treatise Police Misconduct – Law and Litigation –…, … Avery, West/Thomson, 2003, KF5399 A93 2003, in section 2:41, it is explained that the events described in para 21. supra are actionable under the 42 USC 1983 conspiracy between public and private actors.

23. The Court never bothered to mention that there were common law defamation claims contained in RJM's complaint, nor that RJM made reference therein to obtaining various forms of declaratory and injunctive relief, the endeavor to accomplish the obtention of which is another constitutionally protected right, of which this Court has deprived RJM in dismissing the complaint.

24. The Court's claim that there is no basis for federal jurisdiction over RJM's complaint is particularly troubling in consideration of the fact that it admits that RJM had claimed in the complaint that RJM had brought a megaphone to a public gathering outside of WLS studios for the accomplishment of a First Amendment purpose, namely the "to denounce candidate Obama".

25. In the treatise Police Misconduct – Law and Litigation –…, … Avery, West/Thomson, 2003, KF5399 A93 2003, in section 2:39 it cites numerous cases in which causes of action for the non-protection by police of those exercising First Amendment rights were found to exist in complaints filed by persons who were engaging in exactly the type of activity in which RJM was engaged at the time that he was assaulted and battered by Obama's representative.

26. That the Chicago Police Department's ("CPD") efusal to take a police report regarding this battery states a presumptively legitimate cause of action for the denial of the equal protection of the laws is incontrovertible. RJM is a member of a minority group in the City of Chicago, namely in that he is a person who refuses to compromise any of the requirements of God's moral law. Unlike the vast majority of Chicago residents, RJM has never capitulated to the liberal agenda and accepted abortion, homosexuality or any other abomination, which puts him at odds with the great majority of citizens who demonstrated their capitulation in regard to these issues, by for example voting for Obama in the recent election for the U.S. Senate position open in IL.

27. Indeed, RJM states in the complaint that RJM is complaining about the bias of the CPD in always favoring the liberal political left and never enforcing any laws against the violation of thereof by the liberals, but rather using the law as a bludgeon to silence and oppress members of the political right, such as RJM. This is a chronic problem which has subjected RJM to repeated injuries over the past six years, which states a cause of action against both individuals and the municipality under the "Monell theory", which theory is referenced in RJM's complaint.

28. Thus on the denial of equal protection of the laws theory and on a Monell theory on the same basis, this Court possesses jurisdiction over the subject matter of this case on still another federal basis.

4

29. In regard to the cases the Court cited to support its dismissing RJM's complaint, RJM will only comment on the Ricketts case (874 F. 2d, 1177, 1180), and Denton (504 U.S. 25, 32) as no other commentary would be necessary, given that the Court so obviously possesses subject matter jurisdiction over the claims contained in RJM's original complaint.

30. In *Ricketts*, the Court issued an order to show cause as to why the Plaintiff ought not have his complaint dismissed before dismissing it. In Denton, the Court likewise addressed the issue of providing the Plaintiff ample opportunity to amend his complaint before dismissing it.

31. In this case, the Court dismissed RJM's complaint without providing any opportunity for RJM to amend it, inspite of the fact that the Court so obviously possesses subject matter jurisdiction over the complaint as explained supra and that it was informed that RJM was filing it under the duress of time constraints (to keep either campaign from disbursing its funds after the election was over) and with a disabled arm, rendering RJM unable to even compose documents effectively.

32. Many other arguments could be made as to why the Court must now reverse its decision of 11/8/04 in this case and reinstate the case and more arguments will be made if the Court will not now do so, before RJM has to incur even further expenses in this regard (eg that RJM and the public possessed a "clearly established right" to have a specific ordinance enforced in regard to the megaphone batterer's megaphone being silenced by the police on 10/21/04, etc., etc).

33. RJM herein provides notice that according to the provisions of Rule 15, that RJM will file an amended complaint in this case within 30 days of the date upon which this motion is filed.

34. If the Court has any complaints against RJM, such can be filed in the website of the DNRCPN at http://www.geocities.com/thirstforjustice. The DNRCPN maintains a ZERO TOLERANCE of any type of misconduct by any of its members.

WHEREFORE, Plaintiff RJM, respectfully moves this Court to 1. confirm that it has been apprised of the positions of RJM regarding the Court's issuance of an order on 10/8/04 ("Order") dismissing Case No. 04C 7072 ("this case") to the extent that he has been capable of providing such appraisals within the 10 day time window established for motions to reconsider in the Federal Court System, 2. to reverse the decision entered in the order issued on 11/8/04 in this case ("Order"), dismissing this case and to then reinstate such case without RJM's having to complete what would constitute the final component of the bifurcated motion to reconsider ("MTR") (which will be produced and filed by RJM in the event that either the Court does not summarily grant the relief sought in this component of the MTR and reinstate this case, or that RJM would not succeed in finding a means by which to retain his claim to use whatever non-excessive and not-otherwise-unjustified force ("NOOUF") would ever have to be employed to rectify injustices that still might remain un-rectified after RJM would have exhausted all non-force including alternatives as means by which to rectify such injustices without the filing of such type document, within 35 days of the filing of this document) or else to permit RJM to pose a series of interrogatories to the Court, in open court, at some juncture within the next month, and then use the answers to such conjectural interrogatories as the basis for what would, in the scenario herein postulated, constitute the balance of RJM's MTR, 3. to confirm that the Court has been apprised of the auxiliary documents that RJM had intended to serve upon this Court before the case was so unjustifiably dismissed (which service the Order confirms is so indispensably necessary to a just resolution of the matters this case concerns), and that RJM intends to serve such documents upon the Court in the near future, 4. to appoint pro bono counsel in this case, with the issue of fees entered and continued until the resolution of the case against the respective Defendants, 5. to either strike from the Order, the erroneous claim that the "complaint contains "veiled threats of violence" or else to identify any conveyance which could possibly be construed to constitute such a threat, according to a non-counterfeit assessment standard in regard thereto, 6. to strike from that order all other erroneous claims contained therein which are enumerated infra in the body of this document, such as that various claims contained in the complaint filed in this case on 11/2/04, are nonsensical or else to diagram, both in a sentence diagram and in a venn diagram form, each and every example of what the Court would claim constituted a nonsensical conveyance contained therein, 7. to

5

sign and return to RJM copies of various documents which are being served upon the Court along with this motion, or which the Court would receive in the next few days, 8. to confirm that the Court has been informed that it is the position of RJM, that the decision issued in the Order, was entered in such gross contravention of various provisions of the Constitution of the United States of America, such as the *Due Process* and *Right to Petition* Clauses of the Fifth and First Amendments to that Constitution respectively, that the entire order is void ab initio and is of no legal force and effect, 9. to confirm that it has been apprised of the issues that RJM is raising in this document for purposes of ensuring that no argument could ever be made that any claim that would have required the raising of a given issue in order to preserve such conjectural claim for future resolution, would have been relinquished due to its not having been so raised, 10. to confirm that it has been apprised that RJM also intends to raise other issues, that are not raised in this document, in the future, in this case, as the demands of a given development at any juncture encountered, would indicate it would be necessary for RJM to raise such issues, respectively, in order to protect any and all interests in regard to which RJM would understand that he would be obliged to eventually provide an accounting, respectively, indefinitely into the future, 11. to confirm that it has been notified that it is RJM's position ("TCTNRP") that there are only four legitimate alternative methods according to which this Court or for that matter, any Court can respond to a petition for relief submitted by a citizen to it, without incurring both tort and felony liability in the Court's issuing a response to a petition for relief submitted to it, 12. TCTNRP that it is RJM's position that the Court incurred both tort and felony liability in the issuance of the Order, 13. TCTNRP that notwithstanding the requirements according to which members of the DNRCPN are generally required to conduct their activity, respectively, when encountering the type of conduct demonstrated in the issuance of that order, that RJM has committed himself to continuing to refrain from filing any type of complaint against the Judge who issued that order for at least 30 days from today's date, just in case the offenses committed in that issuance are not as egregious as they appear to be and 14. to grant whatever other forms of relief, it would be considered that ought or must be granted at this juncture in the proceedings to ensure that no legitimate interest remain unprotected in the matters this case concerns.

Respectfully submitted,

Robert J. More

## NOTICE OF MOTION

United States District Court
Northern District of Illinois
Eastern Division

Robert J More
Estate of Robert J. More
Plaintiff

v.

Case No 04C 7072.

Obama For Senate Campaign ("OFSC") (Corporation), et al
Defendants

Under penalty of perjury pursuant to federal law, RJM does verify that he did file this notice and the accompanying motion with the United States District Court for Northern IL on 11/23/04.

Robert J More
2008 S. Blue Island
Chicago IL 60608
312 455-8385

6