YAHOO! MAIL                                   Print - Close Window

**Date:** Tue, 15 Mar 2005 13:01:05 -0800 (PST)
**From:** "Thirst Justice" <thirstforjustice@yahoo.com>
**To:** thirstforjustice@yahoo.com

FILED
MAR 16 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Attachment would not open
So Documents had to be
copied into body of email

RM

```
United States District Court
 Northern District of Illinois
                          Eastern Division
Robert J More
Estate of   Robert J. More
Plaintiff
v.

Case No 04C 7072.
Obama For Senate Campaign ("OFSC") (Corporation), et
al
Defendants

PLAINTIFF'S COMBINED, MOTION OF 3/15/05, TO AUGMENT
THE MOTION  TO PROCEED ON APPEAL IN FORMA PAUPERIS
FILED ON 3/14/05 IN THIS CASE, AND PRELMINARY
```

ENUMERATION OF ISSUES TO BE ADDRESSED
ON APPEAL

Now comes the Plaintiff, Robert J. More ("RJM") to respectfully move this Court to permit the augmentation of the Motion to Proceed on Appeal In Forma Pauperis filed by RJM on 3/14/05 in this case via the addition of the presentation of the issues enumerated infra as the issues to be raised on the appeal in regard to which this motion is being filed ("this case") and in support and explanation whereof, RJM avers and explains as follows:

1. Since RJM's financial position has not changed except to slightly worsen since he completed and filed the affidavit explicating his financial position in support of proceeding on an informa pauperis basis in the trial court in regard to Case No. 04C 7072 in November of 2004, he incorporated the contents of that document into his Motion to Proceed on Appeal In Forma Pauperis filed on 3/14/05 in this case.

2. Since it has now occurred to RJM that that document filed on 3/14/05 might not be considered sufficient due to the non-inclusion therein of the issues to be raised on appeal, RJM has filed this motion and herein enumerates a number of the issues he may address on appeal:

Whether the Trial Court, did not seriously err ("WTCDNSE") in dismissing RJM's exercising of First Amendment rights count, in disregarding the abundance of case law precedents that support RJM's argument that members of the Chicago Police Department ("CPD") were not legally justified in refusing to at least confiscate the Obama Representative's megaphone on 10/21/05 (Dwares…985 F. 2d 94, 99, Glasson … 518 F. 2d 899, Dunlap … 435 F. Supp. 1295, etc. etc.), without citing even a single case in support of the claim that they were justified in such refusal.

WTCDNSE in dismissing RJM's complaint re the 42 U.S.C. 1983 conspiracy count included in the complaint, in disregarding the clearly controlling authority regarding the facts pled therein {ie . Adickes… 398 U.S. 144, Hampton… 600 F. 2d 600, 620-24 (7th Cir.), Jones … 856 F.2d 985 (7th Cir.), Cefalu …211 F. 3d 416 (7th. Cir.)} which authorities RJM understands contain the legal principles which control such count, without citing a single case in support of dismissing such count.

WTCDNSE in denying RJM's Motion To Reconsider ("MTR") without providing any findings of facts and conclusions of law in support of such denial.

WTCDNSE in denying RJM's MTR without permitting him to file an amended complaint in this case.

WTCDNSE in denying RJM's MTR before RJM had filed any final component of his proposed bifurcated MTR.

WTCDNSE in denying RJM an opportunity to impeach the several patently vacuous (ie alleged veiled threats of violence, non-sensical statements, fantastic and delusional claims contained in the order of 11/08/05 , via the granting to RJM of an audience with the Court, before denying the MTR.

WTCDNSE in denying the MTR before RJM had filed any final component of his bi-furcated MTR.
WTCDNSE in denying RJM's MTR without having either appointed counsel familiar with all of the legal principles which RJM so thoroughly explained to the Court that he was researching at the time the order denying the MTR was entered, or providing an explanation justifying any decision to not make such type appointment.
WTCDNSE in refusing and/or neglecting to retract the various vacuous and potentially damaging, claims, to which reference is included supra.
Whether the orders issued on 11/8/05 and 2/9/05 in this case are not void ab initio for having been issued in such gross contravention of the right(s) of the Plaintiff and of all of his fellow citizens to due process of law as to have them completely devoid of any legal effect.
WTCDNSE in not accurately identifying the tortfeasors responsible for preventing RJM from accessing the property of Northeastern IL. University on 10/26/04.
Whether or not, pursuant to the obligations of every federal judge regarding the reporting of crimes, whatever judges consider this case on appeal, would be justified in not recommending that a special grand jury be impaneled and a special prosecutor appointed to begin investigating and assessing the points of reference, criteria, agendas, priorities and methods according to which cases involving pro ses in the U.S.D.C. for the Northern District of IL are customarily adjudicated, so that the alignment and accountability problems by which the Courts in such District are so seriously plagued, can be addressed and corrected and correlatively, so that the public's confidence in those Courts can be justifiably restored.
Whether, if it would be the case that it would be considered by a majority of the judges who would consider this case on appeal, that the measure of consideration provided RJM and all those to whom he owes enhanced duties of care, and the members of the public in general, in the proceedings conducted in the trial court in this case is all that to which such individuals are entitled under the Constitution and laws of this country at this time; there would be any justification at all for the Appellate Court to not declare the unconstitutionality of any and all laws that authorize the keeping and bearing of arms by members of policing entities, of any and all laws that might ever be invoked in any endeavor to interfere with and/or punish the implementation of any vigilante measures that might ever have to be implemented in order to ensure that the injustices still extant in this case not ultimately remain un-rectified, and any and all laws that prevent citizens in a given area from receiving and benefiting from, the un-attenuated protections that are supposed to be provided by the Second Amendment to the Constitution of the United States (the primary purpose of which according to the authors of that

document, having been, of course, the protection of the property, liberty, bodily integrity, morals and lives of the citizenry from government predation, oppression and crime); as the public has once again been provided such tragic examples of the foreseeable consequences that result when legal processes are conducted in such manner that people either come to justifiably believe that obtaining an adjudication of a case on the protective side of the protective/predatory fault line is an un-accomplishable objective, and/or that the system presently in place, is only maintained to advance the interests of those most favorably positioned in it and those who can afford "to make the higher bid" in a given case.


WHEREFORE, Plaintiff RJM, respectfully moves this Court to issue an order granting RJM leave to add the augmentation of the Motion to Proceed on Appeal In Forma Pauperis filed by RJM on 3/14/05 in this case, which augmentation consists of the enumeration of issues to be raised on the appeal, included supra, and grant whatever other forms of relief, the Court would consider it necessary to grant at this juncture in the proceedings in order to ensure that no legitimate interest remain unprotected in the matters this case concerns.
Respectfully submitted,

Robert J. More




             NOTICE OF  MOTION/CERTIFICATE OF  SERVICE
                         United States District Court
                         Northern District of Illinois
                              Eastern Division

Robert J More
Estate of Robert J. More
Plaintiff
v.



Case No 04C 7072.
Obama For Senate Campaign ("OFSC") (Corporation), et al




Under penalty of perjury pursuant to federal law, RJM does verify that he did file the PLAINTIFF'S COMBINED, MOTION OF 3/15/05, TO AUGMENT THE MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS FILED ON 3/14/05 ., and

this notice with the Clerk's Office of United States District Court for Northern IL on 3/15/05, by leaving stamped copies thereof in the drop box at the Dirksen Federal Building at 219 S. Dearborn St., Chicago, IL, 60604.
Robert J. More
2008 S. Blue Island
Chicago IL 60608
312 942-9712

CERTIFICATE OF SERVICE
Not applicable as no Defendants have yet been served.

---

Do you Yahoo!?
Yahoo! Small Business - Try our new resources site!
http://smallbusiness.yahoo.com/resources/

U.S. DISTRICT COURT
05 MAR 16 PM 3: 12